United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYLAN RICHEY BRUNSKILL, S-072747,<br>Plaintiff,<br>v.<br>SANTA CRUZ COUNTY JAIL ADMINISTRATION,<br>Defendant(s). | Case No. 23-cv-04915-SK  (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a pretrial detainee at the Santa Cruz County Jail (SCCJ) facing probation revocation proceedings and new criminal charges, filed a pro se complaint under 42 U.S.C. § 1983 alleging that SCCJ officials have refused to provide him with a religious "Buddhist vegetarian" diet on the ground that he is on a medical "gluten free" diet and the two cannot be combined. ECF No. 1 (Compl.) at 3. He further alleges that the diet decision was "perpetrated against me as retaliation for reporting assault and sexual misconduct by a peace officer while under the care of [SCCJ]." Id. at 2. Plaintiff seeks damages and injunctive relief.

**DISCUSSION**

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

1   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Legal Claims

Prisoners "have the right to be provided with food sufficient to sustain them in good health that satisfies the dietary laws of their religion." McElyea v. Babbitt, 833 F.2d 196, 198 (9th Cir. 1987). Allegations that prison officials refuse to provide a healthy diet conforming to sincere religious beliefs state a cognizable claim under § 1983 for denial of the right to exercise religious practices and beliefs. See Ward v. Walsh, 1 F.3d 873, 877 (9th Cir. 1993) (Jewish prisoner claiming denial of kosher diet); McElyea, 833 F.2d at 198 (same). The burden then falls on the prison officials to prove that the burden on plaintiff's exercise of religion was reasonably related to a legitimate penological objective. See Ashelman v. Wawrzaszek, 111 F.3d 674, 677-78 (9th Cir. 1997) (applying test from O'Lone v. Estate of Shabazz, 482 U.S. 342 (1987), and Turner v. Safley, 482 U.S. 78 (1987), to determine reasonableness of decision denying Jewish prisoner's request for all-kosher diet).

Liberally construed, Plaintiff's allegations appear to state an arguably cognizable claim under § 1983 for denial of the right to exercise religious practices and beliefs. See Ward, 1 F.3d at 877. But in order to proceed with this claim, Plaintiff must name individual defendants in the caption and body of the complaint and link them to his allegations of wrongdoing by setting forth specific facts showing how each named defendant actually and proximately caused the deprivation of his right to exercise religious practices and beliefs. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Plaintiff will be provided an opportunity to amend to do so, if he can.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

Plaintiff will be provided an opportunity to amend to state a viable claim of First Amendment retaliation as set forth above, if he can.  See also Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under § 1983 for retaliation must allege facts showing that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline).  And he is advised again that he must name individual defendants in the caption and body of the complaint and link them to his allegations of wrongdoing by setting forth specific facts showing how each named defendant actually and proximately caused the retaliation of which he complains.  See Leer, 844 F.2d at 634.

## CONCLUSION

For the foregoing reasons, the complaint is dismissed with leave to amend, as indicated above, within 28 days of this order.  The pleading must be simple and concise and must include the caption and civil case number used in this order and the words FIRST AMENDED COMPLAINT on the first page.  Failure to file a proper amended complaint within the designated time will result in the dismissal of this action.

Plaintiff is advised that the amended complaint will supersede the original complaint and all other pleadings.  Claims and defendants not included in the amended complaint will not be considered by the court.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**IT IS SO ORDERED**.

Dated: November 16, 2023

_____
SALLIE KIM
United States Magistrate Judge